IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN LONN KIIKER,

        Plaintiff,

vs.                                        Case No. 08-1307-JTM

MICHAEL J. ASTRUE,
   Commissioner of Social Security,

        Defendant.

MEMORANDUM AND ORDER

The defendant in this Social Security appeal argues that dismissal is appropriate under 42 U.S.C. § 405(g) and (5) because a party may seek judicial review only of a "final decision of the Commissioner of Social Security after a hearing." Congress has left the definition of such decisions to further regulation by the Commissioner. *Weinberger v. Salfi*, 422 U.S. 749, 767 (1975). The Commissioner argues that Kiiker has not meet the regulatory standard for judicial review, 20 C.F.R.§§ 404.905, 404.921, 404.955, 404.981, 416.1405, 416.1421, 416.1455, 416.148l, and that the present action should be dismissed for failure to exhaust administrative remedies.

Plaintiff Steven Kiiker argues he possesses a colorable constitutional claim he was denied due process, in that the ALJ failed to follow correct procedure in dismissing his claim, since there was no valid basis for concluding that Kiiker lacked good cause for the failure to appear. Citing 20

C.F.R. § 404.957(b)(1)(I) and *Califano v. Sanders*, 430 U.S. 99 (1977), he contends that the court has jurisdiction to review the complaint because the ALJ failed to follow correct procedure in dismissing his claim.

In the present case, the Administrative Law Judge entered an Order of Dismissal after Kiiker failed to appear at the administrative hearing. The Appeals Council subsequently declined review. Ordinarily, such a dismissal is binding but not reviewable. *Hilmes v. Secretary of Health and Human Services*, 983 F.2d 67, 69 (6th Cir. 1992).

A social security claimant "has an underlying due process right to effective notice concerning his social security benefits; therefore, he also has a constitutionally protected right to due process in the determination of whether he received effective notice." *Francisco v. Barnhart*, 366 F.Supp.2d 461, 467 (S.D. Tex. 2004). The appropriate inquiry, for a district court presented with such a claim, is whether the Commissioner supplied notice which was "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection.'" *Hatcher v. Barnhart*, No. 06-CV-999(JG), 2006 WL 3196849, *4 (E.D.N.Y. Nov. 4, 2006) (*quoting Mullane v. Central Hannover Bank & Trust*, 339 U.S. 306, 314 (1950).

The court finds remand is not justified, because the plaintiff has failed to demonstrate the existence of a colorable constitutional claim. The plaintiff correctly notes that some cases have been remanded for further determination of whether there was good cause underlying a dismissal, but in these cases there was some showing that the Commissioner failed to supply notice reasonably calculated to reach the claimant. However, in these and other cases, the action was remanded for due process reasons only after the court had determined that substantial evidence did not support the

prior no-good-cause determination in light of either errors in the mechanism of notice, *see Deleon v. Com'r of Social Security*, 191 Fed. Appx. 88, 90 (3rd Cir. 2006) (court found the ALJ's determination that claimant received notice was not premised on substantial evidence, since a copy of the supposed notice was missing from the administrative file); *Hatcher v. Barnhart*, 2006 WL 3196849 at *4 (noting "[t]he parties do not dispute that the agency sent Hatcher's notice to an incomplete address" which lacked his apartment number); *Crumble v. Sec'y of Health and Human Servs.*, 586 F.Supp. 57, 58 (E.D.N.Y.1984) (same); *Francisco*, 366 F.Supp.2d at 467-68 (evidence showed notice of hearing had been sent to the wrong address); or notice was not calculated to be effective given the mental incapacity of the claimant. *Penner v. Schweiker*, 701 F.2d 256, 261 (3rd Cir. 1983) (action remanded for evidentiary hearing as to "whether mental incapacity prevented Mr. Penner from understanding and pursuing his administrative remedies").

Here, however, Kiiker merely advances a general denial of having received the notices of hearing. Yet, for purposes of determining whether there is a colorable constitutional claim, actual notice to the claimant is not controlling. *Hatcher*, 2006 WL 3196849 at *4 (*citing Dusenberry*, 534 U.S 161, 168 (2002)). The inquiry is whether substantial evidence supports the ALJ's determination that the action might be validly dismissed under the regulations.

The court will grant the Motion to Dismiss, finding that Kiiker has failed to present any colorable constitutional claim. Although Kiiker now argues that he was never alerted to the hearing, a review of the ALJ's Order of Dismissal indicates that the ALJ, after noting Kiiker's failure to appear, proceeded to find that the address to which the hearing notices (both a "Notice of Hearing" and a "Notice of Hearing – Important Reminder") were correct and that an attempted telephone call to the number listed in his application was unsuccessful because the number was disconnected. (Plf.

3

Exh. 1, at 2). The ALJ then concluded that good cause for the failure did not exist under the factors set forth in 20 C.F.R. §§ 404.957(b)(2) and 416.1457(b)(2). Nor has the plaintiff now demonstrated how any reweighing of those factors demonstrates that good cause was not present. Accordingly, the court finds that plaintiff has not provided any colorable basis for his due process claim, and as a result finds that dismissal is justified. *See Wolfe v Astrue*, No. 1:07-CV-0263, 2008 WL 3286188, *2 (N.D.N.Y. Aug. 7, 2008) (denying due process exception claim where hearing request was validly dismissed under § 404.957 for failure to appear).

IT IS ACCORDINGLY ORDERED this 30th day of June, 2009 that the defendant's Motion to Dismiss (Dkt. No. 4 ) is hereby granted.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE